George Wayne Claybaugh, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs to Judges ROGERS, DOYLE and COLINS, sitting as a panel of three.

*Scott K. Oberholtzer, Geisenberger & Herr, P.C.,* with him, *Harold Cramer,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, November 20, 1984:

George Wayne Claybaugh (appellant) has appealed from an order of the Court of Common Pleas of Dauphin County dismissing his appeal from a one-year suspension of his motor vehicle operator's license imposed by the Department of Transportation, Bureau of Public Safety (department) pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, for his refusal to submit to a urine test.

A Susquehanna Township police officer testified that on April 3, 1983, he observed an automobile driven by the appellant cross the center line of a public road several times and almost collide with a parked vehicle. The officer followed the appellant into a parking lot located in Penbrook Borough where, after observing the appellant's behavior, he concluded that the appellant might be under the influence of alcohol or drugs. The officer summoned a police officer from Penbrook Borough who gave the appellant a field sobriety test, arrested him and, after the appellant told him that he had ingested drugs, took him to the hospital where he requested the appellant to provide a urine sample. The appellant refused and the department suspended his operator's license for a period of one year.

Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547 provides in part:

(a) *General Rule*—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; . . . .

In this class of case, the Commonwealth must prove that the driver was: (1) placed under arrest for driving while under the influence of alcohol or a controlled substance or both; (2) was requested to submit to a test of his breath, blood or urine; (3) was warned that his license would be revoked if he refused; and (4) refused to submit to the test. *See Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980).

The appellant first contends that the arresting officer did not have reasonable grounds to request that he submit to a urine test. Proper grounds for requesting a motorist to submit to a breath, blood or urine test are present where the circumstances are such that a reasonable person in the position of the police officer could have concluded that the motorist was operating his vehicle while under the influence of intoxicating liquor or a controlled substance. *Corry v. Commonwealth,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981).

The arresting officer here had reasonable grounds to request the appellant to submit to a urine test. The evidence was that the appellant drove erratically, his speech was slurred, his eyes were glassy, he smelled of alcohol, he failed the field sobriety test, and he admitted ingesting drugs.

The appellant next contends that he was not appropriately warned of the consequences of his refusal to submit to a urine test.

The arresting officer testified, in part, that:

I explained to Mr. Claybaugh the refusal to take the urine test would be the suspension of the driver's license. . . . [sic] He continued to say that we were trying to pull something on him or whatever. . . .

. . . .

I advised him that he would lose his license if he refused to take the urine test. I advised him at least five or six times.

This is clearly an adequate warning.

The appellant also contends that because he was advised of his right to counsel he believed that he did not have to submit to the urine test until he had talked to an attorney. Unfortunately for the appellant, this court has considered and rejected this argument more than once. *See, King v. Department of Transportation, Bureau of Traffic Safety,* 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984).

The appellant next contends that he was not identified at the court hearing on his suspension as the Mr. Claybaugh who refused to submit to the urine test. In his verified petition for appeal filed in the court of common pleas, the appellant identifies himself as the defendant in this license suspension case. He appeared at the hearing as the defendant. At the hear-

ing, the arresting officer testified that the officer who first apprehended the appellant "identified the defendant, Mr. Claybaugh." This was sufficient evidence of the identity of the appellant as the person who refused to take the test in this civil case. As all know, even in a criminal case where identity must be proved beyond a reasonable doubt, positive evidence of such is not required.

We have considered the appellant's other questions and find them also to be without merit.

Order affirmed.

## ORDER

AND Now, this 20th day of November, 1984, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.