## Commonwealth v. Carey

*J. Matthew Wolfe, assistant counsel,* for the commonwealth.

*Richard C. Biedrzycki,* for defendant.

BLOOM, *J.,* March 13, 1986 — Now before this court is an appeal from the Secretary of Transportation suspending defendant's driving privileges for 12 months pursuant to a violation of 72 Pa.C.S. §1547, failure to submit to a chemical test.

The facts of the matter are not greatly in dispute and can best be summarized as follows:

(1) Defendant was the driver of an automobile involved in a three-car collision.

(2) The police observed the physical condition of defendant and they found that his clothing was disheveled and there was a strong odor of alcohol about his person.

(3) The police gave defendant two field-sobriety tests, both of which he failed.

(4) Defendant was then placed under arrest and asked to submit to a chemical test of his breath or blood.

(5) Despite having a cut lip, defendant chose to submit to a breath test.

(6) While at the police station, defendant was advised not to smoke or drink anything until after the test was completed.

(7) The police testified that defendant, despite this warning, proceeded across the hall and attempted to drink some cold coffee.

(8) The police testified that when they took the coffee pot away from defendant, they could see traces about his mouth and lips.

(9) The police then placed defendant in a cell and filed an affidavit which caused the suspension.

(10) The commonwealth contends that the drinking of coffee is the equivalent of a refusal.

(11) Defendant contends that he was only trying to remove dried blood from his mouth and then he was not given an opportunity to submit to the test.

Thus, the issue to be decided is whether defendant's actions in drinking coffee after being instructed not to do so is the equivalent to a refusal to submit to a test.

While there does not appear to be an appellate decision directly on point, the Commonwealth Court has ruled in a similar situation that the smoking of a cigarette, after being instructed not to do so, was the equivalent to a refusal. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of*

*Traffic Safety v. Mumma,* 179 Pa. Commw. 108, 468 A.2d 891 (1983). The Commonwealth Court in *Mumma,* supra, stated:

"We have consistently held that anything substantially less than an unqualified, unequivocal assent to take a breathalyzer test constitutes a refusal under section 1547. *Department of Transportation, Bureau of Traffic Safety v Tillitt,* 49 Pa. Commw. 349, 411 A.2d 276 (1980). A refusal need not be expressed in words, but can be implied by the motorist's actions."

Clearly, the motorist's actions here spoke louder than any words. His attempting to drink coffee is as clear a refusal as if he had said in his own words, no test. We must remember that the public interest in obtaining the evidence must outweigh the motorist's rights.

Defendant attempts to assert that he was never told why he could not drink, therefore his drinking coffee should not be held against him. Defendant has failed to cite any authority for this point and our research has uncovered none.

We agree that the commonwealth has the burden of proving:

(1) The driver was placed under arrest for driving while under the influence of alcohol and that the arresting officer had reasonable grounds to believe that the operator was driving while intoxicated.

(2) The driver was requested to submit to a breath test.

(3) The driver was warned that his license would be revoked if he refused to so submit.

(4) The driver refused to submit to the test.

See *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Krishak,* 91 Pa. Commw. 307, 496 A.2d 1356 (1985); *Claybaugh v.*

*Commonwealth,* 86 Pa. Commw. 147, 484 A.2d 196 (1984).

This procedure was followed in the instant matter. Defendant was placed under arrest for driving under the influence of alcohol; he admitted he was driving a vehicle; he had an odor of alcohol about his breath; he was told of the consequences of a failure to submit to the test; and his drinking coffee after being instructed not to do so is the equivalent of a refusal.

For all of the above reasons, we find that the commonwealth has met its burden and accordingly, we enter the following

## ORDER

And now, this March 13, 1986, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

(1) The appeal is denied.

(2) The order of the Secretary of Transportation, suspending defendant's operating privileges for a period of 12 months is reinstated.