975 A.2d 586

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ray D. McCOY, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 2008.

Decided July 21, 2009.

John B. Mancke, Esq., Mancke, Wagner, Spreha & McQuillan, Harrisburg, for Ray D. McCoy, Jr.

Edward Michael Marsico, Jr., Esq., James Patrick Barker, Esq., Dauphin County District Attorney's Office, Jason Eugene McMurry, Esq., for Commonwealth of Pennsylvania.

Harold H. Cramer, Esq., Terrance M. Edwards, Esq., PA Department of Transportation, Andrew S. Gordon, Esq., for amicus curiae Department of Transportation Bureau of Drivers Licensing.

## OPINION

Justice EAKIN.

On February 1, 2004, appellant lost control of his vehicle and struck an entrance ramp guard rail. When police officers arrived, they observed appellant smelled of alcohol, had glassy, bloodshot eyes, and slurred speech. Appellant was subsequently arrested and transported to Harrisburg Hospital; a blood test revealed his blood alcohol content (BAC) was 0.233%. Following a bench trial, appellant was convicted of two counts of driving under the influence (DUI),[1] and one count of violating the "driving on roadways laned for traffic" statute.[2] As this was his second DUI offense, appellant was sentenced to 90 days to 18 months imprisonment.

Appellant challenged the constitutionality of the then-new DUI statute,[3] arguing the BAC test constitutes a "critical stage" at which the right to counsel attaches. In its Pa.R.A.P. 1925(a) opinion, the trial court, sitting *en banc*, upheld the

---

1. 75 Pa.C.S. § 3802 provides, in relevant part:

    (a)(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

    (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

    * * *

    (c) Highest rate of alcohol.—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

    *Id.*, § 3802(a)(1)-(2), (c).

2. "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." *Id.*, § 3309(1).

3. 75 Pa.C.S. § 3731 was repealed, and 75 Pa.C.S. § 3802 became effective the date of appellant's arrest, February 1, 2004.

constitutionality of the amended law; five judges joined the majority opinion, and three judges dissented, finding the DUI statute unconstitutionally vague and overbroad, and violative of appellant's substantive due process rights.

Appellant appealed to the Superior Court, which affirmed the judgment of sentence. Specifically, the court held appellant did not have a right to counsel prior to submitting to a chemical test because such a juncture is not a "critical stage." *Commonwealth v. McCoy*, 895 A.2d 18, 29 (Pa.Super.2006). The Superior Court acknowledged the decision to submit to a BAC test is important tactically, but noted it is made during the gathering of evidence and does not affect the fairness of trial, and thus is not a critical stage. *Id.*, at 28 (quoting *Commonwealth v. Ciccola*, 894 A.2d 744, 750 (Pa.Super.2006)). The court also relied on *Commonwealth v. West*, 370 Pa.Super. 365, 536 A.2d 447 (1988), which held administration of a BAC test is not necessary to ensure a defendant receives a fair trial on DUI charges. A chemical test is distinguishable from a line-up, as it is not testimonial in nature, which would require an attorney's presence to preserve the accused's rights against self-incrimination. *McCoy*, at 29 (quoting *West*, at 450).

We granted allowance of appeal to determine "[w]hether the Sixth Amendment and Article I, § 9 provide a right to counsel before refusing to submit to chemical testing when such refusal would subject the DUI suspect to imprisonment pursuant to 75 Pa.C.S. § 3804(c)." *Commonwealth v. McCoy*, 597 Pa. 234, 951 A.2d 264 (2008). A challenge based upon the constitutionality of a statute is a question of law, thus, our scope of review is plenary and non-deferential. *Burger v. School Board of McGuffey School District*, 592 Pa. 194, 923 A.2d 1155, 1160 (2007) (citations omitted).

Appellant argues the Sixth Amendment of the United States Constitution and Article I, § 9 of the Pennsylvania Constitution provide a right to counsel prior to taking a chemical test pursuant to our DUI law; appellant asserts the right to counsel in Pennsylvania is coterminous with the Sixth Amend-

ment right, attaching at the time of arrest. Appellant's Brief, at 12 (citing *Commonwealth v. Arroyo*, 555 Pa. 125, 723 A.2d 162 (1999); *Commonwealth v. Karash*, 513 Pa. 6, 518 A.2d 537, 541 (1986)). Because appellant was under arrest when he submitted to the chemical test, he was denied his constitutional right to counsel, it is argued. Appellant further contends he had a right to counsel prior to the chemical test because under the amended DUI law, he was subject to enhanced criminal penalties, making the process a "critical stage" warranting counsel. Appellant also argues the amended DUI law affects his right to a jury trial, which he was entitled to know prior to consenting to the chemical test.[4] Finally, appellant asserts an attorney could have advised him the implied consent DL–26 form used at the time of his arrest was defective, and failed to comply with 75 Pa.C.S. § 1547(b)(2).[5]

■ The Commonwealth agrees *Arroyo* held the right to counsel guaranteed by Article I, § 9 is coterminous with the Sixth Amendment right, but notes that right does not attach until formal charges are filed. The Commonwealth asserts that because no criminal complaint was filed against appellant, he was not entitled to counsel prior to submitting to a test. Additionally, the Commonwealth argues that by driving, appellant impliedly consented to submitting to a test where there were reasonable grounds to believe he was driving in violation of 75 Pa.C.S. § 3802, citing 75 Pa.C.S. § 1547(a)(1). Ultimately, appellant was required to submit to the chemical test or face the applicable penalties. Finally, the Commonwealth asserts the United States Supreme Court has already addressed this issue in *Nyflot v. Minnesota Commissioner of*

4. Appellant contends that as a second offender, if his BAC was below .16%, he would not be entitled to a jury trial as the charge would have been an upgraded misdemeanor.

5. Section 1547(b)(2) states:
   It shall be the duty of the police officer to inform the person that: (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).
   75 Pa.C.S. § 1547(b)(2).

*Public Safety,* 474 U.S. 1027, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985), where it dismissed an appeal on the same issue because it did not raise a substantial federal question; such a dismissal is a rejection of the specific challenges presented, which constitutes an adjudication on the merits. *See Mandel v. Bradley,* 432 U.S. 173, 176, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977) (*per curiam* ).

The Informed Consent Law of Pennsylvania states:

Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle: (1) in violation of section ... 3802 (relating to driving under influence of alcohol or controlled substance). . . .

75 Pa.C.S. § 1547(a)(1). Based upon the statutory language, it is clear that if an individual chooses to operate a motor vehicle in this Commonwealth, the consent to submit to a chemical test has already been given. Section 3804(c) provides the penalties for refusal to submit to chemical testing.[6]

Appellant asserts because he will face increased penalties under § 3804, his submission to the chemical test constituted a "critical stage" within the meaning of right to counsel jurisprudence. The United States Supreme Court dismissed *Nyflot,* which involved the same issue under the federal constitution, for want of a substantial federal question. Again, as the Commonwealth properly asserts, "dismissals for want of a substantial federal question without doubt reject the specific challenges presented in the statement of jurisdiction. . . ." *Mandel,* at 176, 97 S.Ct. 2238. Such decisions constitute

---

6. *See* 75 Pa.C.S. § 3804(c)(1)-(3) (individual who violates § 3802(a)(1) and refuses chemical testing or violates § 3802(c),(d) is subject to imprisonment as well as fines and other conditions).

adjudications on the merits. *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

█ More recently, the United States Supreme Court addressed the issue of exactly when the Sixth Amendment right to counsel attaches. In *Rothgery v. Gillespie County, Texas,* —— U.S. ——, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008), the Court reaffirmed its original holding: "a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." *Rothgery,* at 2592. The Court further specified the initiation of adversary proceedings can be via "formal charge, preliminary hearing, indictment, information, or arraignment." *Id.,* at 2583; *see also McNeil v. Wisconsin,* 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); *Moran v. Burbine,* 475 U.S. 412, 430, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); *United States v. Gouveia,* 467 U.S. 180, 188, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) (plurality); *see also Commonwealth v. Gwynn,* 596 Pa. 398, 943 A.2d 940, 947–48 (2008) (right to counsel attaches at initiation of adversary judicial proceedings, generally at arraignment).

Thus, the law is settled regarding when the Sixth Amendment right to counsel attaches; appellant's circumstances did not trigger this right because, although under arrest, no criminal complaint had been filed, and the adversarial judicial proceedings had yet to begin. Whatever tactical advice counsel may have been able to provide is irrelevant to the present constitutional question of appellant's right to counsel; as this was not a "critical stage" under our jurisprudence, the right does not attach.

█ Because the United States Supreme Court has rejected the argument that a Sixth Amendment right to counsel attaches when a suspect is asked to submit to chemical testing, this Court is precluded from concluding otherwise. While appellant invokes Article I, § 9 of the Pennsylvania Constitu-

tion, claiming it affords greater protection than its federal counterpart, in *Arroyo*, we concluded the right to counsel under Article I, § 9 is coterminous with the Sixth Amendment right for purposes of determining when the right attaches. *Arroyo*, at 170; *see also Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831, 844 (2003).[7]

Submission to a chemical test upon being stopped for suspected DUI is an evidence-gathering circumstance, prior to the filing of any formal adversarial judicial proceedings, and as such does not constitute a critical stage for purposes of the right to counsel. There is no Sixth Amendment or Article I, § 9 right to counsel prior to submission to a chemical test pursuant to a DUI stop. Accordingly, the order of the Superior Court is affirmed.

Jurisdiction relinquished.

Chief Justice CASTILLE, Justice SAYLOR and BAER, Justice TODD, Justice McCAFFERY and Justice GREENSPAN join the opinion.

---

7.  It is important to note, the only state recognizing a federal constitutionally-based right to counsel prior to submitting to a chemical test is Maryland. *See Motor Vehicle Administration v. Atterbeary*, 368 Md. 480, 796 A.2d 75, 83–85 (2002) (recognized right to counsel prior to submitting to chemical test for DUI based on due process clause of Fourteenth Amendment). The following states recognize a limited, statutory-based right to counsel: Alaska, Alaska Stat. § 12.25.150(b); *Copelin v. State*, 659 P.2d 1206, 1215 (Alaska 1983); Missouri, Mo. Ann. Stat. § 577.041; *Spradling v. Deimeke*, 528 S.W.2d 759, 763 (Mo.1975); North Carolina, N.C. Gen.Stat. § 20–16.2(a)(6); North Dakota, N.D. Cent.Code § 39–20–04; *State v. Berger*, 623 N.W.2d 25, 30 (N.D.2001); and Vermont, Vt. Stat. Ann. tit. 23. § 1202(c). Likewise, Minnesota and Oregon recognize a state constitutional right to counsel prior to submission to a chemical test. *See Friedman v. Commissioner of Public Safety*, 473 N.W.2d 828 (Minn.1991); *State v. Spencer*, 305 Or. 59, 750 P.2d 147 (1988) However, none recognize such right via the Sixth Amendment of the United States Constitution, and because this Court has found Article I, § 9 is coterminous with the Sixth Amendment, no right to counsel exists prior to submission to a chemical test in this Commonwealth.