J. A34015/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                            :         PENNSYLVANIA
             v.              :
                            :
BRANDIN LEE MITCHELL,         :        No. 13 MDA 2014
                            :
           Appellant      :

Appeal from the Judgment of Sentence, August 19, 2013,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0003155-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MAY 12, 2015**

Appellant appeals from the judgment of sentence entered following appellant's conviction on two driving under the influence ("DUI") of alcohol offenses.  Finding no merit in the issues on appeal, we affirm as to those issues; however, we also find, **_sua sponte_**, that appellant has been sentenced to an illegal sentence.  Consequently, we will vacate one of appellant's sentences.

Appellant was charged with DUI as a result of an accident on West Market Street in West York Borough on February 19, 2012.  Appellant filed a pre-trial motion seeking to suppress the results of a blood alcohol test taken after the accident.  A hearing on the motion adduced the following facts.

Appellant's 1998 Audi A6 collided with a Dodge Durango parked on the side of the street.  (Suppression notes of testimony, 8/2/12 at 6.)  There

were no skid marks indicating appellant applied his brakes. (*Id.* at 9.) The impact was so powerful that the Durango was pushed partially onto the grass along the street, and also struck the vehicle in front of it, which vehicle struck the vehicle in front of it. (*Id.* at 7, 11.) The airbag in appellant's car deployed. (*Id.* at 12.) When Police Officer Michael Carricato ("Officer Carricato") arrived, he found appellant very disoriented and with very bloodshot eyes. (*Id.* at 8-9.) Appellant was unable to relate where he was coming from or where he was going to at the time. (*Id.* at 8.) Officer Carricato did not conduct a field sobriety test at the scene because appellant had a leg injury and was limping. (*Id.* at 17-18.) Appellant was transported to York Hospital where Officer Carricato followed and requested that appellant submit to a blood draw to which he consented. (Notes of trial testimony, 6/27/13 at 26.) Appellant's blood alcohol concentration was measured at 0.120%. (*Id.* at 80.)

Following a bench trial on June 27, 2013, appellant was convicted of DUI -- general impairment and DUI -- high rate of alcohol.[1] On August 19, 2013, appellant was sentenced to two concurrent sentences of 6 months' intermediate punishment with 90 days' house arrest. This timely appeal followed.

Appellant raises the following issues on appeal:

> A. DID THE TRIAL COURT COMMIT AN ERROR OF
> LAW WHEN IT DENIED APPELLANT'S MOTION

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3802(b), respectively.

> TO SUPPRESS EVIDENCE REGARDING BLOOD ALCOHOL CONCENTRATION BECAUSE THE ARRESTING OFFICER LACKED EVEN A SCINTILLA OF PROBABLE CAUSE TO SUPPORT ANY VIOLATION OF 75 PA. C.S.A. §3802 RELATING TO DRIVING UNDER THE INFLUENCE OF ALCOHOL OR A CONTROLLED SUBSTANCE?
>
> B.   DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN ALLOWING THE CONVICTION TO STAND AS THE EVIDENCE PRESENTED AT TRIAL ALONG WITH ALL REASONABLE INFERENCES DRAWN THEREFROM WAS LEGALLY INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN A VERDICT OF GUILTY?

Appellant's brief at 5.  We will address these issues in the order presented.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Gillespie*, 103 A.3d 115, 118 (Pa.Super. 2014), quoting

*Commonwealth v. Williams, H.*, 941 A.2d 14, 26-27 (Pa.Super. 2008)

(*en banc*) (internal citations and quotation marks omitted).

In his first issue, appellant contends that Officer Carricato did not have

reasonable suspicion to justify a request for a blood test from appellant.  We

note that chemical testing of drivers is done with implied consent where the police officer has reasonable grounds to believe that the operator is under the influence of drugs or alcohol:

> **(a)** **General rule.**--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:
>
> (1)    in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock);

75 Pa.C.S.A. § 1547(a)(1).

Thus, the issue is whether Officer Carricato had reasonable grounds to believe appellant was under the influence of alcohol. Appellant contends that "[Officer] Carricato in fact relied solely on the circumstance of the automobile accident as his 'reasonable grounds' to obtain the sample." (Appellant's brief at 20.)  Appellant calls attention to the fact that Officer Carricato admitted that appellant did not have an odor of alcohol on him, nor did appellant exhibit slurred speech. Appellant also tries to

minimize other existing factors, such as suggesting that appellant's bloodshot eyes may have been caused when the car's airbag deployed. Finally, appellant calls attention to the fact that Officer Carricato performed no field sobriety tests as indicating that Officer Carricato did not believe that appellant was under the influence. We find that Officer Carricato stated reasonable grounds.

There are three factors present that indicate that appellant may have been under the influence: 1) very bloodshot eyes; 2) extreme disorientation to the extent that appellant could not even say where he was coming from or where he was going to; and 3) the nature of the accident: appellant struck a stationary object at high speed without attempting to brake. We think the coalescence of these diverse factors provided Officer Carricato with the reasonable grounds to suspect appellant may have been under the influence such that he could request a blood test. It is true that individual factors might have innocent explanations. For instance, a person might smell of alcohol because a drink was spilled on him, or in appellant's case, he might have bloodshot eyes because of allergies or because an airbag deployed. However, these factors are also symptomatic of alcohol ingestion, and where a number of suspicious factors come together, reasonable grounds exist to suspect that an individual has been drinking.

Finally, we do not believe that Officer Carricato's failure to administer field sobriety tests is indicative that Officer Carricato did not believe that

appellant was under the influence. Officer Carricato testified that he did not conduct sobriety tests because appellant's leg was injured and he was worried about appellant's safety. Moreover, "[t]he definition of reasonable grounds does not include, as a prerequisite, failure of field sobriety tests." ***McDonald v. Com., Dept. of Transp., Bureau of Driver Licensing***, 567 A.2d 1127, 1129 (Pa.Cmwlth. 1989). We find that sufficient factors were presented that Officer Carricato had reasonable grounds to believe that appellant was under the influence of alcohol and was justified in requesting a blood test. The suppression court properly denied suppression.

In his second issue, appellant argues that the evidence was not sufficient to support his convictions. We apply the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

> received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014), quoting *Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa.Super. 2014) (citations omitted; bracketed material in original).

Appellant first challenges the sufficiency of the evidence as to his conviction for DUI -- general impairment:

**(a)   General impairment.**--

(1)   An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

This offense has two elements:   1) the defendant was driving, operating, or in actual physical control of the movement of a vehicle; 2) during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol. *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa.Super. 2013), *appeal denied*, 79 A.3d 1098 (Pa. 2013). Appellant concedes that the evidence was sufficient as to the first element, actual physical control. (Appellant's brief at 22.)  We find that the evidence as to the second element was likewise sufficient.

The evidence at trial included testimony from Officer Carricato as to his on-the-scene observations that appellant exhibited signs of intoxication such as appellant being disoriented and appellant's eyes being "glassy, glazed, and bloodshot." (Notes of testimony, 6/27/13 at 24-25.) The trial evidence also showed that a blood test was performed approximately one hour later. (*Id.* at 22, 28 (time of dispatch, time of test).) Finally, medical testimony that the blood test showed a blood alcohol concentration of 0.120% proved that appellant was actually under the influence of alcohol at the time of the accident.

As to whether appellant's consumption of alcohol rendered him incapable of safely driving, we find that the circumstances of the accident adequately demonstrate this. Appellant struck a car parked along the side of the road at a very high rate of speed. This is not an instance where the actions of another driver may have caused the accident. We find that the nature of the accident itself is proof that appellant was incapable of safely driving. The evidence was sufficient as to DUI -- general impairment.

Appellant also questions his conviction as to DUI -- high rate of alcohol:

> **(b)** **High rate of alcohol.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual

> has driven, operated or been in actual physical
> control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(b).

Again, this offense has two elements: 1) the defendant was driving, operating, or in actual physical control of the movement of a vehicle; 2) while his or her blood alcohol concentration was at least 0.10%, but less than 0.16% within two hours after driving.

As previously noted, appellant conceded the first element and trial evidence established the second element with the admission of the blood test results of 0.120%. Consequently, the evidence at trial was sufficient to support appellant's conviction for DUI -- high rate of alcohol. Appellant's arguments on appeal go to whether Officer Carricato had reasonable grounds to request a blood test and whether appellant's consent was valid. Such concerns go to the suppression of the blood test results and not the sufficiency of the evidence. As such, they are irrelevant to a determination of the sufficiency of the evidence. Moreover, we have already found that Officer Carricato had reasonable grounds to request the test. As for the validity of appellant's consent, this issue was not raised in the pre-trial suppression motion, nor was it argued at the suppression hearing.

Consequently, appellant is improperly raising that issue for the first time on appeal and we find it waived.[2]  Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A.

Finally, we turn to the legality of appellant's sentence.  Although appellant does not raise this issue, "[i]t is settled that a legality-of-sentence issue 'may be reviewed *sua sponte* by this Court,' due to the fact that an 'illegal sentence must be vacated.'" *Commonwealth v. Stradley*, 50 A.3d 769, 774, (Pa.Super. 2012), quoting *Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa.Super. 2003).

The subsections of § 3802 are not separate offenses, and a defendant may not be subjected to multiple penalties for violating more than one subsection of the statute by a single criminal act. *Commonwealth v. McCoy*, 895 A.2d 18, 26 (Pa.Super. 2006), *affirmed*, 975 A.2d 586 (Pa. 2009). *See also Commonwealth v. Williams*, 871 A.2d 254, 262-267 (Pa.Super. 2005).  Thus, in *McCoy* we affirmed the trial court's merging a sentence for DUI -- general impairment with a sentence for DUI -- highest rate of alcohol, 75 Pa.C.S.A. § 3802(c).  Consequently, appellant's separate, concurrent sentence for DUI -- general impairment should have merged, for sentencing purposes, with that for DUI -- high rate of alcohol.  As vacating

---

[2] We note in passing that the Commonwealth's brief raises several complaints as to appellant's brief, including that this issue is being raised for the first time on appeal.  The Commonwealth's other complaints go to appellant's characterization of the evidence and the overlong length of his summary of argument.  These other matters do not impede appellate review, and we will not address them further.

this sentence will not upset the trial court's sentencing scheme, we will simply vacate the sentence without remand.

Judgment of sentence as to 75 Pa.C.S.A. § 3802(b) affirmed.

Judgment of sentence as to 75 Pa.C.S.A. § 3802(a)(1) vacated. Jurisdiction relinquished.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 5/12/2015

- 11 -