J-S15030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HARRY EDWARD HOSLER | : | |
| | : | |
| Appellant | : | No. 503 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 3, 2022
In the Court of Common Pleas of Schuylkill County
Criminal Division at No.:  CP-54-CR-0000955-2021


BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 24, 2023**

Appellant, Harry Edward Hosler, appeals from the March 3, 2022 judgment of sentence entered in the Court of Common Pleas of Schuylkill County ("trial court"), following the revocation of his probation.  His counsel has filed a brief and an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we vacate the judgment of sentence and deny counsel's application to withdraw.

The facts and procedural history of this case are undisputed.  On June 30, 2020, Appellant was sentenced to an 18-month probationary period for criminal trespass; breaking into an occupied structure, 18 Pa.C.S.A. § 3503(a)(1)(ii) at docket 2137-2016.

While serving the probationary sentence, Appellant, on March 3, 2021, was arrested and charged with possession of a controlled substance

(methamphetamine), 35 P.S. § 780-113(a)(16), at the current docket 955-2021. On May 3, 2021, Appellant pled guilty to the possession charge before the magisterial district court and was sentenced to 12-months of probation, to run concurrently with the probationary sentence imposed at docket 2137-2016.

Less than five months later, on September 24, 2021, at docket 1823-2021, Appellant was arrested and charged with, *inter alia*, possession with intent to deliver ("PWID") (methamphetamine), 35 P.S. § 780-113(a)(30), in connection with an incident that occurred in Pottsville on July 12, 2021.[1]

On December 3, 2021, in light of the PWID charge, the Commonwealth filed a motion to revoke Appellant's probation in the instant case, docket 955-2021. Appellant proceeded to represent himself and the record does not indicate whether the trial court conducted a **Grazier** hearing *sub judice*.[2] However, there is some suggestion in the record that a **Grazier** hearing might have been conducted in an **unrelated case** in Schuylkill County before a **different** judge. **See** N.T., Revocation, 3/3/22, at 20 ("So Judge Hale gave you a number of questions that she asked to make sure this is what you want

---

[1] During the pendency of this appeal, and following a guilty plea, Appellant was sentenced to 27 to 54 months' incarceration for PWID at 1823-2021, to run concurrently with his other sentences.

[2] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) (requiring a colloquy to determine if the petitioner was knowingly, intelligently, and voluntarily relinquishing his right to counsel).

to do of your own free will"). Following a *Gagnon* hearing,[3] at which the Commonwealth presented evidence, the trial court granted the Commonwealth's motion, and revoked Appellant's probation sentencing him to 3 to 6 months' imprisonment on March 3, 2022. *Id.* at 34. Still *pro se*, Appellant timely appealed. On April 13, 2022, this Court directed the trial court to conduct a *Grazier* hearing, following which Attorney James G. Conville ("Attorney Conville or counsel") was appointed to represent Appellant on appeal.

On October 22, 2022, Attorney Conville filed in this Court an application to withdraw as counsel and filed an *Anders* brief, wherein he raised a challenge under *Commonwealth v. Simmons*, 262 A3d 512 (Pa. Super. 2021) (*en banc*) (holding that sentence imposed following anticipatory probation revocation is an illegal sentence). *Anders* Brief at 5-6.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super.

---

[3] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [*Gagnon I*] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [*Gagnon II*] prior to the making of a final revocation decision.

*Id.* at 781-82. Here, there is no indication in the record that the trial court ever conducted a *Gagnon I* hearing.

2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

- 4 -

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of ***Santiago***. We, therefore, conclude that counsel has satisfied the minimum requirements of ***Anders***/***Santiago***.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5.

Before we may turn to the merits of this appeal, we find we must examine whether Appellant's constitutional rights were violated when he was not given a waiver-of-counsel colloquy prior to the start of the March 3, 2022, revocation hearing.

It is well-established that a criminal defendant has a Sixth Amendment right to counsel,[4] which attaches at "the initiation of adversary proceedings," which includes the filing of a criminal complaint. ***Commonwealth v. McCoy***, 975 A.2d 586, 590 (Pa. 2009); ***see Commonwealth v. Prysock***, 972 A.2d 539, 542 (Pa. Super. 2009) (citation omitted) (noting that criminal defendants have a Sixth Amendment right to counsel). An accused unable to afford counsel has the right to have counsel appointed for him. ***Powell v. Alabama***,

_____

[4] The Amendment guarantees that, "[i]n all criminal prosecutions," an accused shall enjoy the right "to have the assistance of counsel for his defense." U.S. CONST. amend. VI.

287 U.S. 45, 53 (1932). "This right extends to everyone charged with an offense punishable by imprisonment . . . and is binding upon the states." *Commonwealth v. Brown*, 476 A.2d 381, 384 (Pa. Super. 1984) (citations omitted).

As our Supreme Court has explained:

The right to counsel is one of the safeguards of the Sixth Amendment deemed necessary to ensure fundamental human rights of life and liberty, and serves as one of the essential barriers against arbitrary or unjust deprivation of human rights. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done. The essence of this right is the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial. Once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings.

. . . .

The denial of the right at any stage constitutes a structural defect that must be remedied, because any such error affects the framework within which the trial proceeds.

*Kuren v. Luzerne County*, 146 A.3d 715, 732-33 (Pa. 2016) (brackets, ellipsis, citations and quotation marks omitted). A defendant, however, is free to relinquish this right, so long as he or she does so knowingly, voluntarily, and intelligently. Indeed, it is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation. *See Commonwealth v. Davido*, 868 A.2d 431, 437-38 (Pa. 2005). As alluded above, "[b]oth the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States

Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." ***Commonwealth v. Payson***, 723 A.2d 695, 700 (Pa. Super. 1999) (citations omitted). "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." ***Johnson v. Zerbst***, 304 U.S. 458, 464 (1938) (footnotes and citations omitted).

"In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." ***Commonwealth v. Houtz***, 856 A.2d 119, 123 (Pa. Super. 2004) (citation omitted). Failing to conduct an on the record colloquy pursuant to Pa.R.Crim.P. 121(c) before allowing a defendant to proceed *pro se* constitutes reversible error. ***Id.*** at 124 (citing ***Payson***, 723 A.2d at 701). "Once federal constitutional rights are involved, and once it is clear . . . a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights." ***Commonwealth v. Noonan***, 285 A.3d 523, 525-26 (Pa. 1971). Furthermore, waiver ***cannot be presumed*** in a silent record. ***Id.*** at 526 (emphasis added).

The inherent importance of the right to counsel justifies its overwhelming protection and the rigorous requirements necessary to find waiver. A panel of this Court previously extended the Court's duty to *sua sponte* raise the issue of waiver of counsel in termination of parental rights

cases. *See In re X.J.*, 105 A.3d 1,4 (Pa. Super. 2014) (citing *Commonwealth v. Stossel*, 17 A.3d 1286 (Pa. Super. 2011)). Flowing from the cases discussed above, it is apparent that this Court has a duty to review whether Appellant properly waived his right to counsel prior to or at his revocation hearing even though he has not asserted this issue on appeal.

"[A] judge's thorough inquiry into the accused's appreciation of both [the right to counsel and the right to represent oneself] must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding." *Commonwealth v. Phillips* ("*Phillips I*"), 93 A.3d 847, 853 (Pa. Super. 2014) (quoting *Commonwealth v. Baker*, 464 A.2d 496, 499 (Pa. Super. 1983). "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." *Commonwealth v. Johnson*, 828 A.2d 1009, 1014 (Pa. 2003). Tellingly, "the right to counsel under Article I, § 9 [of the Pennsylvania Constitution] is coterminous with the Sixth Amendment right for purposes of determining when the right attaches." *Commonwealth v. McCoy*, 975 A.2d 586, 590 (Pa. 2009) (citations omitted). In *Phillips I*, this Court found that a suppression hearing constituted a critical stage requiring judicial inquiry into the defendant's right to counsel. *See Phillips I*, 93 A.3d at 854-55. Relevant to this case, revocation proceedings have been held to constitute a critical stage. *See Commonwealth. ex rel. Rambeau v. Rundle*, 314 A.2d 842, 846 (Pa. 1973) (noting that a defendant is entitled to the assistance of counsel

at his parole revocation hearing because the assistance of counsel is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected).

Moreover, this Court has held that "once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in *that case* absent a change of circumstances." *Commonwealth v. Phillips* ("*Phillips II*"), 141 A.3d 512, 521 (Pa. Super. 2016) (emphasis added). However, in *Phillips II*, the trial court had previously conducted an adequate on the record colloquy prior to finding that the defendant knowingly, voluntarily, and intelligently waived his right to counsel. *See id.* at 519. Therefore, the defendant's constitutional right to counsel was not violated.

In *Monica*, our Supreme Court held that "waiver [cannot] be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Monica*, 597 A.2d at 603. Further, in *Payson*, this Court found that a written waiver of counsel form signed before a magistrate is not applicable to a waiver of counsel during a subsequent guilty plea. *See Payson*, 723 A.2d at 704. Additionally, this Court noted that the defendant's waiver before the district justice contained the "specific notation that it is effective **only as to the proceeding before the district justice**." *Id.* (emphasis in original). "We have long stated that 'a signed statement alone cannot establish that a

defendant has effectively waived [his constitutional] right [to counsel].'" ***Commonwealth v. Clyburn***, 42 A.3d 296, 300 (Pa. Super. 2012) (quoting ***Commonwealth ex re. Clinger v. Russell***, 213 A.2d 100, 101 (Pa. Super. 1965)).

Here, there is nothing in the record indicating Appellant ever waived his right to counsel on the record in ***this case*** before the trial court conducted the March 3, 2022, revocation hearing. The fact that Appellant might have waived this right in an unrelated case before a different judge does not cure any constitutional violations vis-à-vis this case. Thus, this case is distinguishable from ***Phillips II***, where the trial court previously conducted an adequate on the record colloquy. As a revocation hearing is a critical stage and Appellant was not colloquied on the record, we are constrained to find that Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel. Differently put, in order to proceed at the March 3, 2022, revocation hearing, the trial court was required to determine, on the record, whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel. It did not do so. We, therefore, hold that the trial court's failure to colloquy Appellant of his constitutional right to counsel prior to the revocation hearing requires us to vacate his judgment. Appellant is entitled to a new revocation hearing in the instant case.

Finally, we conclude that counsel complied with ***Anders***/***Santiago*** and identified issues that arguably could support an appeal. However, given our *sua sponte* determination resulting from our independent review of the record

- 10 -

that Appellant's constitutional right to counsel was violated here, we must deny counsel's application to withdraw because Appellant is entitled to counsel during the new revocation hearing. *See Commonwealth v. Johnson*, 158 A.3d 117, 122 (Pa. Super. 2017) (explaining that a criminal defendant has a right to counsel at all critical stages of criminal proceedings).

Judgment of sentence vacated. Application to withdraw denied. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2023