2019 PA Super 111

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW BEISH, | : | |
| | : | |
| Appellant. | : | No. 438 WDA 2018 |

Appeal from the Judgment of Sentence, March 12, 2018,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0004013-2017.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW THOMAS BEISH, | : | |
| | : | |
| Appellant. | : | No. 443 WDA 2018 |

Appeal from the Judgment of Sentence, March 12, 2018,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0004014-2017

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

OPINION BY KUNSELMAN, J.: **FILED APRIL 09, 2019**

Matthew Thomas Beish, appeals from the judgment of sentence entered

following his guilty plea to criminal trespass and theft by unlawful taking.[1]

Beish claims the trial court denied him due process at sentencing when it found

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(i) and 18 Pa.C.S.A. § 3921(a), respectively.

him ineligible for the Recidivism Risk Reduction Incentive ("RRRI") under 61 Pa.C.S.A. § 4503(5). After careful review, we affirm.

On August 29, 2017, Beish broke into a residence at 143 West 38th Street, Erie, Pennsylvania. The Commonwealth charged Beish with one count of criminal trespass. [2] 18 Pa.C.S.A. § 3503(a)(i).

Shortly thereafter, on September 3, 2017, Beish took a vehicle from a convenience store parking lot that did not belong to him. The Commonwealth charged Beish with one count of theft by unlawful taking. [3] 18 Pa.C.S.A. § 3921(a).

Beish pled guilty to both of these charges. When Beish appeared for sentencing, the trial court inquired about his eligibility for an RRRI sentence. The probation officer indicated that Beish was ineligible because he was awaiting trial on two additional charges for burglary. Ultimately, the trial court sentenced Beish to fifteen (15) months to seven (7) years of imprisonment for the theft and one (1) to seven (7) years of imprisonment for criminal trespass, to be served consecutively. Further, the trial court declared Beish RRRI ineligible, but indicated, however, that it would later reconsider Beish's eligibility if he was not convicted on the pending charges.

Beish filed a post-sentence motion at both dockets. Therein, he asserted that the trial court's denial of RRRI eligibility "based upon charges for which he has not yet been convicted and may never be convicted is a

---

[2] Erie County Docket No. 4014 of 2017.
[3] Erie County Docket No. 4013 of 2017.

violation of [his] right to Federal and State due process." The trial court denied his motion without addressing his constitutional claim.

Beish filed timely notices of appeal at each docket. Both Beish and the trial court complied with Pa.R.A.P. 1925. This Court *sua sponte* consolidated these appeals.

Beish presents the following single issue for our review:

1. Did the trial court deny [Beish] due process of law, guaranteed by both the United States and Pennsylvania Constitutions, when it complied with statutory authority and declined to find [Beish] RRRI eligible pursuant to 61 Pa.C.S.A. § 4503 because of new charges for which he had not been convicted?

*See* Beish's Brief at 8.

The RRRI sentencing statute set forth in 61 Pa.C.S.A. § 4505 provides in pertinent part:

**(a) Generally.**--At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender.

\*\*\*

**(b) Recidivism risk reduction incentive minimum sentence.**--If the court determines that the defendant is an eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall enter a sentencing order that does all of the following:

(1) Imposes the minimum and maximum sentences as required under 42 Pa.C.S. § 9752 (relating to sentencing proceeding generally).

(2) Imposes the recidivism risk reduction incentive minimum sentence.

61 Pa.C.S.A. § 4505.

On appeal, Beish challenges the RRRI eligibility provision which rendered him ineligible for an RRRI sentence. The relevant section provides:

> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> ***
>
> (5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

61 Pa.C.S.A. § 4503(5). Specifically, Beish argues that subparagraph (5) violates his constitutional right to due process. Beish's challenge is both procedural and substantive in nature.

Beish first contends that subparagraph (5) violates procedural due process because it precluded his eligibility for an RRRI minimum sentence without regard for the presumption of innocence and without any requirement that the Commonwealth establish Beish's involvement in the charged offense beyond a reasonable doubt. Beish's Brief at 18. Beish also contends that subparagraph (5) violates substantive due process because it deprived him of his fundamental right to freedom from bodily restraint. *Id.* at 19-20. Beish therefore asks this Court to declare 61 Pa.C.S.A § 4503(5) unconstitutional, to vacate his judgment of sentence, and to remand for imposition of an RRRI sentence. *Id.* at 21.

In addressing Beish's constitutional claims, we are mindful of the following legal principles:

> All properly enacted statutes enjoy a strong presumption of constitutionality. ***Commonwealth v. Bullock***, 913 A.2d 207, 211 (2006), *cert. denied,* 550 U.S. 941 (2007); ***In re C.C.J.,*** 799 A.2d 116 (Pa. Super. 2002).
>
> Accordingly, a statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution. All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. Thus, there is a very heavy burden of persuasion upon one who challenges the constitutionality of a statute. ***Pennsylvanians Against Gambling Expansion Fund, Inc. et al. v. Commonwealth of Pennsylvania, et al.,*** 877 A.2d 383, 393 (Pa. 2005) (internal citations omitted). Appellate review of constitutional challenges to statutes, disputes over the legality of a sentence, a court's application of a statute, and general questions of law involve a plenary scope of review. ***Commonwealth v. McCoy***, 895 A.2d 18, 24 (Pa. Super. 2006), *affirmed,* 975 A.2d 586 (2009). "As with all questions of law, the appellate standard of review is *de novo*...." ***In re Wilson***, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*).

***Com. v. Shawver***, 18 A.3d 1190, 1193–94 (Pa. Super. 2011).

The Fourteenth Amendment provides in part: "'nor shall any State deprive any person of life, liberty, or property, without due process of law,'" and protects "'the individual against arbitrary action of government.'" ***Commonwealth v. Turner***, 80 A.3d 754, 763 (Pa. 2013) (quoting ***Kentucky Dept. of Corr. v. Thompson***, 490 U.S. 454, 459–60 (1989) (internal citations omitted)).

> Similarly, Article I, Section 9 of the Pennsylvania Constitution guarantees a criminal defendant the right to due process of law. Article I, Section 9 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution guarantee a defendant the right to due process of law . . . . [T]he due process provision of the Pennsylvania Constitution does not provide greater protections than its federal counterpart. The constitutional right to due process guarantees more than fair

process, covering a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them.

*Id.* (internal citations and quotations omitted).

The due process clause of the federal and state constitutions protect life, liberty, and property. However, the interests and rights protected thereby are not unlimited. *See Turner*, 80 A.3d at 765. Thus, a due process challenge necessarily must implicate the deprivation of an interest or right to a particular thing. In order to determine whether a due process violation has occurred, as suggested by Beish, we must initially examine whether a protected interest or right exists. *See Wilder v. Department of Corrections*, 673 A.2d 30, 32 (Pa. Cmwlth. 1996); *Vitek v. Jones*, 445 U.S. 480, 487, (1980) (identifying the threshold question as whether the complained of government action implicated a liberty interest that is protected by the Due Process Clause).

Beish suggests that his interest or fundamental right at issue in this matter is his freedom from bodily restraint. Beish's Brief at 14. Freedom "from bodily restraint," lies "'at the core of the liberty protected by the Due Process Clause.'" *Turner v. Rogers*, 564 U.S. 431, 445 (2011) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80, (1992)). Although, generally, such an interest or right exists for all individuals, we must consider the specific interest or right in the context of this case and the statute at issue. Here, we must determine whether Beish has a liberty interest or right in participating

in the reduced minimum sentence program established under the RRRI statute. We conclude that he does not.

Our decision in **Commonwealth v. Robinson** 7 A.3d 868 (Pa. Super. 2010) is instructive in this matter. There, we examined the RRRI statute in some detail, in particular what the legislature intended to afford an offender by its enactment. We stated:

Our review of the RRRI statute reveals that it is a treatment program established by the legislature with the following purpose:

This chapter seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S.A. § 4502. The statute specifies that the intent of the program is as follows:

**(b) Intent.**—This chapter is intended to encourage **eligible offenders** committed to the custody of the department to participate in and successfully complete evidence-based programs under this chapter that reduce the likelihood of recidivism and improve public safety.

61 Pa.C.S.A. § 4504(b). The legislature has defined the term "program plan" as follows:

"Program plan." An individualized plan recommended by the department that contains approved treatment and other approved programs designed to reduce recidivism risk of a specific inmate.

61 Pa.C.S.A. § 4503.

The RRRI statute offers, as an incentive for completion of the program, **the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence.** 61 Pa.C.S.A. § 4506. However, we must also observe that section 4511, which addresses construction of the RRRI statute,

- 7 -

> ***explicitly enumerates various legal rights which the statute does not confer***.

***Robinson***, 7 A.3d 868 at 874 (emphasis added). Specifically, section 4511 of the RRRI statute provides in relevant part that:

> Notwithstanding any other provision of law, this chapter shall not be construed to do any of the following:
>
> (2) Confer any legal right on any individual to be released parole under this chapter.

61 Pa.C.S.A. 4511(2). Our analysis of the RRRI statute in ***Robinson*** continued as follows:

> [T]he statute provides a treatment opportunity which is intended to prevent recidivism. Also, as our Supreme Court explained in ***Brittingham***, Appellant has ***no vested "right" to be placed on parole***, because parole is an act of grace, not of right. Consequently, we conclude that the statute does not increase any rights due Appellant nor does it impose any legal burden or additional punishment. Rather, as the Commonwealth notes in its appellate brief, "[t]he [RRRI] Act extends relief to offenders '***convicted of a criminal offense who will be committed to the custody of the department***....' 61 Pa.C.S.A. § 4503."

***Robinson***, 7 A.3d at 872–73 (emphasis modified).

Significantly, we observe that the Legislature did not create any additional rights to convicted offenders by enacting the RRRI statute. We confirmed this in ***Robinson***. Instead, the Legislature created a special program for certain offenders as a privilege, and it defined which offenders were eligible.

Moreover, the RRRI statute does not grant or take away one's freedom; it offers an incentive to certain offenders, namely the ***opportunity to be***

*considered for parole* at the end of the RRRI minimum sentence. 61 Pa.C.S.A. § 4506. Important to our due process review are the words "opportunity" and "parole". First, the act only provides offenders an opportunity to be considered. Clearly, this language does not afford an offender the "right" to be released from imprisonment or a guarantee that he would be. Many factors go into a determination to release an offender upon serving a minimum sentence. Consequently, one could not have a reasonable expectation of freedom from restraint under the circumstances attending this program, even if he were determined to be RRRI eligible.

Second, the opportunity offered under the RRRI statute is parole. We have stated parole is an act of grace, not of right. *Robinson*, 7 A.3d at 873. Therefore, an offender has no vested "right" to be placed on parole. "'Parole is nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law-abiding citizen in society.'" *Commonwealth v. Becker*, 172 A.3d 35, 38–39 (Pa. Super. 2017) (quoting *Weaver v. Pennsylvania Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997)).

Consistent with this understanding of parole, it has been held that "a prisoner petitioning for parole has no present liberty interests at stake because of [the petitioner's] state of incarceration." *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322 (Pa. 1999); *see Greenholtz v. Inmates of*

***Nebraska Penal and Correctional Complex***, 442 U.S. 1, 7 (1979) (citing ***Meachum v. Fano***, 427 U.S. 215, 224 (1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). "Undoubtedly, a valid criminal conviction and prison sentence extinguish a defendant's right to freedom from confinement." ***Vitek***, 445 U.S. at 493.

Here, Beish was convicted and already subject to the imposition of a sentence consistent with the sentencing provisions. His liberty was already duly restrained. Denying Beish RRRI eligibility did not extend his confinement beyond that which is legally permissible or subject him to any greater restraint or loss of liberty.

Based upon the foregoing legal principles, we conclude that no defendant has a constitutional right or interest in participating in the RRRI program. Thus, we decline to declare 61 Pa.C.S.A. § 4503(5) unconstitutional. As a result, we further conclude Beish was not deprived of due process, either procedural or substantive, when the trial court refused to find him RRRI eligible under 61 Pa.C.S.A. § 4503 based on his pending charges.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2019

- 10 -