IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Ricker,                           :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 842 C.D. 2020
                                        :  Submitted:  April 30, 2021
Department of Corrections,              :
                                        :
                    Respondent  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  February 15, 2022


          David Ricker (Inmate), an inmate currently incarcerated at the State
Correctional Institution at Dallas (SCI Dallas), petitions this Court for review of the
July 30, 2020 decision of the Department of Corrections (Department), which
affirmed Inmate's discipline for misconduct for assault, with a sanction of 90 days
of disciplinary custody.  After careful review, we dismiss Inmate's petition for
review for lack of jurisdiction.

          The relevant facts are as follows.  On May 29, 2020, while housed at
SCI Dallas, Inmate was issued a misconduct, charging him with assault, sexual
harassment, and refusal to obey an order or directive, stemming from an incident in

_____

[1] This matter was assigned to the panel before January 3, 2022, when President Judge
Emerita Leavitt became a senior judge on the Court.

which Inmate "walked behind th[e SCI Dallas reporting nurse] and grabbed [her] right buttock" while the nurse was administering medication, and Inmate was waiting to use the telephone. Reproduced Record (R.R.) at 1a. Inmate denied the claims and requested a formal administrative hearing. Inmate indicated his desire for representation and witnesses, and to present his version of events, as acknowledged by the Department on form DC-141. *Id.* at 1a-2a.

Inmate's hearing before a hearing examiner at SCI Dallas took place on June 1, 2020. R.R. at 4a. Inmate requested assistance at the hearing due to his hearing disability, which was denied, as it "does not meet the criteria for assistance." *Id.* at 2a. Inmate also requested the presence of three witnesses, who were either present at the incident or who would vouch for Inmate's good behavior, which was also denied, as those witnesses were "not needed to determine facts." *Id.* The hearing examiner allowed Inmate to submit his written version of events for the record, in which Inmate denied that he disobeyed the nurse's order because he did not hear the nurse's order due to a hearing impairment, denied that he sexually harassed the nurse, and admitted that he accidentally bumped into the nurse with his hip. *Id.* at 3a. The hearing examiner found Inmate guilty of the sexual harassment and assault misconduct charges, dismissed the charge for failure to obey an order, and imposed a sanction of 180 days of disciplinary custody. *Id.* at 4a-5a.

Inmate appealed the hearing examiner's decision to the Department's Program Review Committee (Committee), which found no procedural errors, found the punishment warranted, and found the hearing examiner's findings of fact sufficient to support the decision; however, the Committee reduced Inmate's disciplinary custody to 100 days. Certified Record (C.R.) at 6. Inmate further appealed to the Superintendent of SCI Dallas, who affirmed the Committee's

2

decision, and noted that he spoke to one of Inmate's proposed witnesses, who "supported the content of the misconduct." R.R. at 10a.

Inmate then appealed to the Department's Office of the Chief Hearing Examiner (Chief Hearing Examiner), where Inmate and his counsel presented written statements in which they argued that the sexual harassment charge should be dismissed because it did not meet the Department's definition of sexual harrassment. R.R. at 11a-17a. In a letter dated July 30, 2020, the Chief Hearing Examiner dismissed the sexual harassment charge, affirmed the assault charge, and reduced Inmate's sanction to 90 days of disciplinary custody. *Id.* at 18a.[2]

Inmate then petitioned this Court for review,[3] in which he presents two questions for review,[4] requests a new hearing, asks this Court to dismiss the misconduct finding, and asks this Court to restore Inmate's Recidivism Risk Reduction Incentive Program (RRRI) status.[5] Inmate argues that the Department violated its inmate discipline regulation and policy in conducting his June 1, 2020 misconduct hearing, because it denied him the opportunity to tell his story and

---

[2] The Chief Hearing Examiner further affirmed this final review and the sanctions imposed in a letter dated August 4, 2020. C.R. at 12. Because both decisions of the Chief Hearing Examiner impose the same sanctions on Inmate, we will proceed with review of the Chief Hearing Examiner's decision dated July 30, 2020, per Inmate's petition for review.

[3] This Court's scope of review of a final order of an administrative agency is limited to determining "whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence." *Mirarchi v. Department of Corrections*, 811 A.2d 1096, 1099 n. 7 (Pa. Cmwlth. 2002).

[4] For clarity, we have reordered Inmate's questions for review.

[5] As relevant here, as part of the Prisons and Parole Code, 61 Pa .C.S. §§101-7123, the RRRI program authorizes the Department to offer eligible inmates programs to reduce the likelihood of recidivism and improve public safety. If an eligible inmate completes the required programs, he may be eligible for early parole based on a reduction of his minimum sentence. *See* 61 Pa. C.S. §§4502-4511.

present relevant evidence, and to receive assistance at the hearing.[6]  Inmate also argues that his due process and equal protection rights under article I, section 26 of the Pennsylvania Constitution[7] were violated by the Department's conduct at his June 1, 2020 misconduct hearing, depriving Inmate of a personal interest by subjecting him to 90 days of secure confinement, and by altering Inmate's status as an RRRI inmate.

As to the first question, Inmate argues that the Department erred in failing to provide him with assistance at his misconduct hearing due to his hearing disability and to present testimony from three witnesses Inmate believed was relevant to his defense.  Inmate argues that the hearing examiner's denial of his request for assistance because it "does not meet the criteria for assistance," was not adequately explained.  R.R. at 2a.  Inmate cites no caselaw in support of this argument, and relies on the Department's inmate discipline regulation at 37 Pa. Code §93.10.  The Department responds that Inmate's request for appellate review of his misconduct hearing should be dismissed for lack of jurisdiction, citing *Hill v. Department of Corrections,* 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013).

As to the second question, Inmate argues that the Department's actions to deny him assistance at his hearing violate his rights to equal protection and due

---

[6] The Department's inmate discipline regulation, 37 Pa. Code §93.10, outlines the rules and sanctions for inmate misconduct, and provides that an inmate accused of misconduct has the right to written notice of charges; a hearing before an impartial hearing examiner; the opportunity to tell his story and present relevant evidence; assistance from an inmate or staff member at the hearing if the inmate is unable to collect and present evidence effectively; a written statement of the decision and reasoning of the hearing body; and the opportunity to appeal the misconduct decision.

[7] Article I, section 26 states:  "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."  Pa. Const. art. I, §26.

process under article I, section 26 of the Pennsylvania Constitution. Inmate further argues that the Department's sanctions against him, namely, 90 days of secure confinement and altering his RRRI status, deprive Inmate of personal and liberty interests. Inmate describes secure confinement as a "more restrictive form of incarceration where inmates are locked down for 23½ hours a day, with only ½-hour of recreational time in the yard," as well as restricting Inmate from accessing the commissary, recreation time, and phone time. Inmate's Brief at 8-9. Inmate further argues, without reference to the record, that the Department's finding of misconduct altered his status as an RRRI inmate, which would limit his opportunity for early release. Other than these factual arguments and assertions, Inmate cites no statute or case law to support his contention that the Department's conduct violated his rights under article I, section 26 of the Pennsylvania Constitution.

The Department responds that, to the extent Inmate seeks review of his misconduct decision in this Court's original jurisdiction, it should also be dismissed for lack of jurisdiction. In support, the Department cites *Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998), and *Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980), which both hold that such suits generally fall outside of the scope of this Court's jurisdiction, even if an inmate alleges that his constitutional rights were violated. The Department acknowledges that a narrow exception exists to permit judicial review of inmate misconduct "if an inmate can identify a personal or property interest not limited by [Department] regulations and affected by a final [Department] decision. If one of these interests is involved, the inmate is entitled to notice and an opportunity to be heard." *Hill*, 64 A.3d at 1167 (internal citation omitted.) The Department argues that, contrary to Inmate's position, Inmate's temporary assignment to disciplinary custody for 90 days does not implicate any

5

personal or liberty interests. The Department responds that, based on *Sandin v. Connor*, 515 U.S. 472, 484 (1995), an inmate's liberty interest arises only when the Department's actions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," which Inmate did not allege here. The Department also relies on *Sandin*, which noted that placement in disciplinary custody did not present the type of atypical, significant hardship to implicate an inmate's liberty interest. *Id.* at 487. The Department further notes that its inmate discipline policy includes a disclaimer that the policy "does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual."[8] The Department responds that this Court has already held that such disclaimer language is "sufficient to dispel any reasonable expectation that an enforceable right [was] created by the [Department] policy." *Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750, 753 (Pa. Cmwlth. 2003). The Department further responds that Inmate has no liberty interest in participating in the RRRI program, because our Superior Court has held that no individual has a constitutional right or interest in participating in the RRRI program. *Commonwealth v. Beish*, 207 A.3d 964, 970 (Pa. Super. 2019).[9] The Department argues that the RRRI statute specifically states that it shall not be construed to confer any legal right to participate or continue in the RRRI program, to file any cause of action regarding an inmate's suspension from the RRRI program, or to confer any legal right for an individual to be released on parole. 61 Pa. C.S. §4511. The Department further

---

[8] The Department's inmate discipline policy, DC-ADM 801, may be found at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf. (last visited 2/14/2022).

[9] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

6

notes that, contrary to Inmate's allegations that his misconduct altered his RRRI status, Inmate's sanctions for misconduct as indicated by the record make no mention and take no position on Inmate's RRRI status.

After careful review we conclude that, to the extent Inmate seeks appellate review of the Department's misconduct decision, this Court lacks appellate jurisdiction over inmate discipline. "Inmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to our appellate review." *Hill*, 64 A.3d at 1167.

We further conclude that, to the extent Inmate seeks review of his misconduct decision in our original jurisdiction, we lack original jurisdiction to review it. Inmate does not present a viable claim that the Department's sanctions implicated his liberty or personal interests under the applicable case law. We are guided by the general rule that "the Department's decisions regarding inmate misconduct convictions generally fall outside the scope of our original jurisdiction, even where a prisoner's constitutional rights have allegedly been violated." *Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021). We are mindful, however, that there exists a narrow exception if "'an inmate can identify a personal or property interest not limited by [Department] regulations and affected by a final [Department] decision. . . . If one of those interests is involved, the inmate is entitled to notice and an opportunity to be heard.'" *Feliciano*, 250 A.3d at 1275 (quoting *Hill*, 64 A.3d at 1167). Here, Inmate's claim that his sanction of 90 days of disciplinary confinement violated a personal or liberty interest must fail, because he presented no evidence that his sanction of 90 days of disciplinary confinement presented an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

7

Further, the Department's inmate discipline regulation and policy clearly limit Inmate's personal and liberty interests in remaining free from disciplinary custody, when such a sanction is imposed after a misconduct proceeding. *See* 37 Pa. Code §93.10 and Department's inmate discipline policy.

Finally, we find no merit to Inmate's claim that the Department's misconduct hearing or resulting sanctions limited Inmate's right to continue to participate in the RRRI program. The record contains no evidence that the Department's sanction resulted in any change to Inmate's RRRI status. Even if it did, Inmate has no cognizable liberty interest in participating in the RRRI program, which might result in an inmate's early release to parole, because "parole is an act of grace, not of right." *Beish*, 207 A.3d at 970.

Because we lack either appellate or original jurisdiction to review Inmate's misconduct proceedings, we dismiss Inmate's petition for review with prejudice.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Ricker,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           :  No. 842 C.D. 2020
                                       :
Department of Corrections,             :
                                       :
                    Respondent         :


# **O R D E R**


AND NOW, this 15th day of February, 2022, the Petition for Review filed by David Ricker is DISMISSED with prejudice.


_____
MICHAEL H. WOJCIK, Judge