J-A04044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                        :            PENNSYLVANIA
                        :
             v.                :
                        :
                        :
RODNEY D. BASKETBILL          :
                        :
            Appellant         :    No. 1190 EDA 2021

Appeal from the Order Entered June 8, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006733-2018

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED MAY 24, 2022**

Rodney D. Basketbill appeals the order designating him as a Sexually Violent Predator ("SVP"). He argues that the trial court erred in ordering his SVP designation after sentencing, in violation of 42 Pa.C.S.A. § 9799.24(e)(3). We affirm.

On November 12, 2019, following a stipulated bench trial, the trial court found Basketbill guilty of promoting prostitution; conspiracy; false identification to law enforcement authorities; criminal use of a communication facility; two counts of sexual abuse of children; possession of a small amount of marijuana; and possession of paraphernalia.[1]

---

[1] 18 Pa.C.S.A. §§ 5902(b)(1), 903, 4914(a), 7512(a), 6312(b)(1) and (b)(2); and 35 P.S. §§ 780-113(a)(31)(i) and (a)(32), respectively.

According to the stipulated facts, while investigating online prostitution, officers discovered an online advertisement and proceeded to arrange a date for unprotected sex for $80 on September 24, 2018. The same day, officers went to a motel and were directed to a 16-year-old female. Basketbill was sitting in a car outside of the motel room with another female. An officer called the number listed on the advertisement and a phone in Basketbill's hand rang. Officers arrested Basketbill and recovered a small amount of marijuana from his person. It was later determined that Basketbill and the female in the car, his co-conspirator, promoted the prostitution of the minor victim from September 20, 2018, to September 24, 2018.

On June 10, 2020, the trial court sentenced Basketbill to three to six years' incarceration and a consecutive term of 2 years' reporting probation. At the sentencing hearing, the prosecutor asked the court to enter an order to "have [Basketbill] assessed as a sexually violent predator." N.T., Sentencing, 6/10/20, at 4. Defense counsel did not object that the assessment or subsequent SVP designation would occur after sentencing. The court entered an order directing the Sexual Offender Assessment Board ("SOAB") to conduct an assessment to evaluate Basketbill to determine if he was an SVP. **See** Order, filed 6/10/20. Defense counsel later moved to withdraw as counsel and the court granted the motion.

On July 10, 2020, Basketbill appealed his judgment of sentence.[2] The court appointed new counsel and held a hearing to determine Basketbill's SVP status on May 19, 2021.[3] At the hearing, counsel argued that the court should dismiss the petition to designate Basketbill as an SVP because the court had violated Section 9799.24(e)(3) by conducting an assessment and hearing after sentencing. **See** N.T., 5/19/21 at 12, 13. Counsel also argued that Basketbill had not waived his right to be assessed before sentencing. **Id.** at 13. Following the hearing, the trial court entered an order on June 8, 2021, finding Basketbill to be an SVP and ordering him to register with the Pennsylvania State Police. Basketbill appealed the order, and that appeal is now before us.

Basketbill raises one issue:

> Did the trial court err in conducting a Sexually Violent Predator hearing and thereafter determining that [Basketbill] should be designated as a Sexually Violent Predator, where the assessment of [Basketbill] under 42 Pa.C.S. § 9799.24 did not occur before sentencing, the SVP hearing required by § 9799.24(e) did not occur before sentencing, and the record is devoid of any evidence that [Basketbill] waived any of the timing requirements of the registration of Sexual Offenders Act, 42 Pa.C.S. § 9799.24 et seq.[?]

---

[2] This Court affirmed Basketbill's judgment of sentence on August 10, 2021. **See Commonwealth v. Basketbill**, 262 A.3d 479 (Table) (Pa.Super. filed August 10, 2021) (unpublished memorandum).

[3] The hearing originally was scheduled for December 21, 2020. However, the case was continued at the request of Basketbill who wanted to be physically present for the hearing rather than by video due to the COVID-19 pandemic. **See** N.T., 12/21/20, at 1-2 (unpaginated).

Basketbill's Br. at v.

Basketbill argues that this Court should vacate the order classifying him as an SVP. He maintains that pursuant to Section 9799.24(e)(3), the trial court was required to hold a hearing and determine his SVP status before sentencing. He also states that pursuant to Section 9799.24(a), the trial court was required to order that he be assessed before sentencing. Basketbill alleges that he did not waive Section 9799.24's timing requirements.

A trial court's application of a statute is a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary. **See Commonwealth v. Beish**, 207 A.3d 964, 967-68 (Pa.Super. 2019).

Section 9799.24(a) reads as follows: "After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board." 42 Pa.C.S.A. § 9799.24(a). Another provision, Section 9799.24(e)(3), provides: "At the hearing *prior* to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." 42 Pa.C.S.A. § 9799.24(e)(3) (emphasis added).

It is undisputed that the entry of the assessment order and the hearing on Basketbill's SVP status both occurred after sentencing. However, Basketbill waived any challenge to the court's failure to abide by Section 9799.24's timing provisions. He did not object at sentencing when the prosecutor asked the court to enter an order to have Basketbill assessed. The Commonwealth's request inevitably implied that the assessment and hearing would take place

after sentencing, in violation of Section 9799.24(a) and (e)(3). ***See Commonwealth v. Whanger***, 30 A.3d 1212, 1214 (Pa.Super. 2011) (finding defendant waived claim that court erred in conducting SVP assessment after sentencing where appellant did not raise the issue by objection or motion).

Furthermore, even if Basketbill had preserved his challenge to the timing of the assessment and hearing, we would find the claim meritless because he has not shown prejudice. ***See Commonwealth v. Evans***, 138 A.3d 28, 31-33 (Pa.Super. 2016) (affirming SVP designation where appellant failed to show prejudice from trial court's error in ordering assessment after sentencing).

Here, the trial court concluded that Basketbill had not sustained prejudice because Basketbill is incarcerated and not subject to any reporting duties:

> Similarly, in the case at bar, [Basketbill] does not argue that he suffered any prejudice due to the delay.[4] He has been incarcerated and has not been subject to reporting requirements. Therefore, he is in no worse of a position than any other person having been sentenced and serving out a sentence of incarceration. The SOAB report indicated that his behavior meets the definition of predatory and that he suffers from Antisocial Personality Disorder. [Basketbill] also has a lengthy and diverse criminal history that began when he was 13 years old. Given the nature of the facts of this case, the fact that [Basketbill] was already serving a sentence, and the fact that the SOAB report overwhelmingly demonstrated that [Basketbill] is an SVP with a lengthy criminal history, [Basketbill] has clearly not suffered any prejudice and the procedural error in this case is harmless. This Court did not err in designating [Basketbill] as an SVP post-sentencing.

---

[4] Basketbill also committed waiver by failing to argue prejudice below.

Trial Court Opinion, filed 8/2/21 at 6.

On appeal, Basketbill alleges that he suffered prejudice because he was sentenced for offenses classified as Tier 2 offenses under the Sex Offender Registration and Notification Act ("SORNA"), and the subsequent designation as an SVP caused his treatment and reporting requirements to change after sentencing. He adds that he was not advised at sentencing of the registration requirements as an SVP. He states that the sentencing court only advised him of his Tier 2 requirements. He also maintains that the court's failure to advise him of his SVP registration requirements renders his sentence illegal.

Basketbill has not established prejudice. Like Evans, Basketbill was already incarcerated at the time of the assessment and designation. He therefore was not prejudiced by the delay since he will not be subjected to the SVP registration and reporting requirements until his release. **See Evans**, 138 A.2d at 33 (concluding that Evans had not suffered prejudice because "he was incarcerated at the time and would not be subject to the registration and reporting requirements of SORNA until his release").

His claims about changes in his duties due to his late designation as an SVP and the sentencing court's failure to tell him about his SVP requirements run counter to **Evans**. Such circumstances will occur any time a court designates a defendant an SVP after sentencing. **Evans** held that a post-sentence SVP assessment and designation, without more, is insufficient to merit relief.

Though Basketbill argues that his sentence is illegal because the court did not explain the SVP reporting requirements, he provides no further legal argument for this claim. **See** Basketbill's Br. at 13. It is thus waived. To the extent that he challenges the legality of his sentence as it relates to his SVP registration and reporting requirements, we reject this claim as our Supreme Court has held that registration requirements "do not constitute criminal punishment." **See Commonwealth v. Butler**, 226 A.3d 972, 976 (Pa. 2020) (holding registration requirements "do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirement of **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)] and **Alleyne** [**v. United States**, 570 U.S. 99 (2013)] and remains constitutionally permissible"). We affirm the order designating Basketbill as an SVP.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022

- 7 -